United States District Court
Southern District of Texas
**ENTERED**
March 18, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JULIO ADOLFO TORRES, | § | |
|     **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:13-238** |
| | § | **Criminal No. B:12-303-2** |
| **UNITED STATES OF AMERICA,** | § | |
|     **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 16, 2013, Petitioner Julio Adolfo Torres ("Torres") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  On March 17, 2014, the United States timely responded to the motion. Dkt. No. 16.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Torres's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Torres's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

## I.  Procedural and Factual Background

On April 10, 2012, a federal grand jury – sitting in Brownsville, Texas – indicted Torres for offering or promising anything of value to a public official with the intent to influence an official act. U.S. v. Torres, Criminal No. 1:12-303-2, Dkt. No. 67 (J. Hanen, presiding) (hereinafter "CR").[1]

### A.  Rearraignment and Waiver of Appellate Rights

On May 8, 2012, Torres appeared before the Magistrate Judge and pled guilty to bribery of a public official, pursuant to a written plea agreement. CR Dkt. No. 127.

---

[1] Torres was part of a group that attempted to bribe what they believed to be a corrupt government agent to ensure that a certain prisoner would be transferred to a South Texas facility and later be allowed to return to Mexico without being turned over to Mexican authorities.  Torres directly negotiated the bribe and delivered the money to the undercover agent. CR Dkt. No. 156.

Both Torres's written plea agreement and plea colloquy indicate that Torres knowingly and voluntarily waived his appellate rights. CR Dkt. No. 127, ¶ 10; CR Dkt. No. 227, pp. 30-32.

As relevant here, paragraph 10 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742.  Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. §§ 1651, 2241 and 2255.
>
> The defendant further waives any rights under Title 28, U.S.C. § 2241 to challenge the manner in which the sentence is executed or the legality of the defendant's detention.

CR Dkt. No. 127, ¶ 10.

During the plea colloquy, the Magistrate Judge clearly established that Torres understood he was waiving his appellate rights.

> [Court]: Mr. Torres, I have in front of me a Written Plea Agreement. Under the terms of this Written Plea Agreement, you agree to plead guilty to the Indictment that's been filed against you. And furthermore, you agree to waive your appellate rights. In exchange for those two things, the Government says that at the time of sentencing in your case, it will make some recommendations to the district court judge.
>
> Now, Mr. Torres, in your Plea Agreement, in paragraph 10, you state that you are aware that Title 18, United States Code, Section 3742, affords a defendant the right to appeal the sentence that's imposed. You also say that you are aware that Title 28, United States Code, Section 2255 affords a defendant the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final. Now, further in that paragraph 10, what you agree to do is, in exchange for the Government's recommendation at the time of sentencing, that you give up and waive your right to appeal your sentence, including any grounds set forth in Title 18, United States Code, Section 3742; and you also give up and waive your right to appeal your conviction and sentence after it becomes final under the provisions of Title 28, United States Code, Section 2255.

Now, Mr. Torres, you agree to give up and waive these rights and to plead guilty in exchange for the Government agreeing to recommend that at the time of sentencing, that you receive full acceptance of responsibility and a recommendation by the Government that you be sentenced at the low end of the applicable Sentencing Guideline.

[Torres]: Yes, sir.

[Court]: Are those the terms of your agreement?

[Torres]: Yes, sir.

[Court]: Do you understand those terms of your Plea Agreement?

[Torres]: Yes, sir.

[Court]: And did [your lawyer] go through and explain those terms so you could understand them?

[Torres]: Yes, sir.

[...]

[Court]: I want you to understand, Mr. Torres, that if the Court were to reject the Government's recommendations, this agreement that you've signed is still binding on you, so that if you were to file an appeal under those circumstances, your appeal would still be dismissed because of the terms of your Plea Agreement. Do you understand that, Mr. Torres?

[Torres]: Yes, sir.

CR Dkt. No. 227, pp. 30-31, 35.

The Court established that Torres had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 227, pp. 6-37. Torres informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Torres that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Torres to something more than Torres might anticipate. Id. Torres stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Torres gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on

his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Torres confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Torres entered a plea of guilty to the charge of bribing a public official. Id. at pp. 49-53.

On May 8, 2012, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Torres's guilty plea. CR Dkt. No. 125.

**B. Sentencing**

In the final presentence report, Torres was assessed a base offense level of 12. CR Dkt. No. 156, pp.21-22. Torres was also assessed a 14-level enhancement because the bribe payment was between $400,000 and $1,000,000; Torres was held accountable for $460,000. Id. He was also assessed an additional four-level enhancement because the offense involved bribing an official in a high-level decision-making or sensitive position, i.e. a Homeland Security Investigations Agent. Id. Torres was given an additional three-level enhancement because he was the manager/supervisor of the underlying criminal activity.

Torres received a three-level reduction for acceptance of responsibility. Id. Thus, Torres was assessed a total offense level of 30. Id.

Torres had three prior adult criminal convictions, but because of their age they resulted in zero criminal history points. CR Dkt. No. 156, pp. 22-24 & p. 33. With no criminal history points, Torres was assessed a criminal history category of I. CR Dkt. No. 156, pp. 22-24. The presentence report, based upon Torres's offense level of 30 and criminal history category I, identified a guideline sentencing range of 97 to 121 months of imprisonment. Id., p. 31.

On August 29, 2012, Torres – through his appointed counsel – filed objections to the PSR. CR Dkt. No. 150. As relevant here, Torres objected to the amount of the bribe that he was held accountable for in the PSR, noting that the undercover agent repeatedly demanded more bribes, thus artificially raising the total amount. Torres urged that he should only be held accountable for $363,000 in bribe money.

4

Torres also objected that the undercover officer was not an official in a high-level decision-making or sensitive position. CR Dkt. No. 150. Torres also objected to the enhancement for being a manager/supervisor of the criminal activity. Id.

On November 14, 2012, the District Court adopted the Magistrate Judge's report and recommendation, accepting Torres's guilty plea. CR Dkt. No. 198.

On that same day, the District Court held the sentencing hearing. The District Court denied Torres's objections to the PSR. CR Dkt. No. 231.

The District Court sentenced Torres to 120 months of incarceration, three years of supervised release, 100 hours of community service and a $100.00 special assessment. CR Dkt. No. 231, pp. 14-17. The judgment was entered on November 28, 2012. CR Dkt. No. 199.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Torres' deadline for filing a notice of appeal passed on December 12, 2012.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On December 12, 2013, Torres timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.[2] In his petition, Torres made three claims for relief:

(1) counsel was ineffective for allowing him to plead guilty "without first investigating evidence that would have substantially lowered" the amount of the bribe that Torres was held accountable for;

(2) counsel was ineffective for failing "to investigate evidence available to him that would have supported his client's claim that he was induced by the agent to commit further acts" of bribery;

(3) Torres was not "fully informed of the fact that the Government had the burden of

_____

[2] The petition was filed on the docket on December 16, 2013. Dkt. No. 1. Torres dated the petition December 12, 2013. Id., p. 13. The petition is considered filed on the date that it is delivered to the prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). The Court will consider the petition to have been filed on December 12, 2013.

proving the amount of the bribery, his level of participation and his true position" and had he known these things "he would have insisted on going to trial." Dkt. No. 1.

On March 17, 2014, the Government timely filed a response to the petition. Dkt. No. 16.  The Government seeks specific performance of the plea agreement, asserting that Torres waived his right to file the instant petition and that, even if not waived, Torres's claims are substantively meritless. Id.

## II.  Applicable Law

### A. Section 2255

Torres seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007).  Waiver will not preclude relief, however, if petitioner's waiver and guilty plea are the product of ineffective assistance of counsel.  See U.S. v.

White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel claim may only challenge the assistance directly related to the effectiveness of the waiver).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).   To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.   To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).   Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of proceeding would have been different." Strickland, 466 U.S. at 694

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).   A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).   The relevant legal standards as to each of Torres's claims are addressed in the following sections examining those allegations.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.   Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").   The record in this

case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Torres's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Torres's claim.

### A.  Waiver of Appellate Rights

In various allegations, Torres has asserted that his counsel was ineffective.  These allegations entitle Torres to no relief.  He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States.  His waiver bars relief under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  Such waivers preclude relief for ineffective assistance of counsel, unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002).

Torres asserts his counsel was ineffective for letting him plead guilty without investigating evidence that would have lowered the bribe amount he was accountable for. He also avers that he was not "fully informed of the fact that the Government had the burden of proving the amount of the bribery, his level of participation and his true position" and had he known these things "he would have insisted on going to trial." Dkt. No. 1.  These claims, if true would impact the validity of the plea.  They, however, are not borne out by the record.

As to the claim that counsel failed to investigate evidence before allowing Torres to plead guilty, this claim is conclusory.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Cox v. Stephens, 602 F. App'x 141, 146 (5th Cir. 2015) (unpubl.) (quoting Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)).  Torres has not alleged, with any specificity, what the investigation would have revealed or how it would have altered the outcome of the trial or the sentencing.

Furthermore, counsel argued – both in written objections and at the sentencing hearing – that the evidence showed that the undercover officer artificially increased the amount of

8

the bribes in order to increase Torres's sentence.  The Court rejected this argument.  The fact that an argument was ultimately unsuccessful does not mean counsel was ineffective. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").

As to the claim that Torres was not "fully informed of the fact that the Government had the burden of proving the amount of the bribery, his level of participation and his true position," this claim is contrary to the record in this case.  Torres was informed at his re-arraignment that at trial, he would "be presumed innocent and the Government would have to prove your guilt beyond a reasonable doubt, using competent evidence." CR Dkt. No. 227, p. 11.  Torres stated that he understood these rights and that his lawyer explained these rights to him in a way that he understood. Id, pp. 11-12.  "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Thus, Torres, by his own testimony, was fully informed of his rights when he pled guilty.  Neither of these claims impact the validity of the plea agreement.[3]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record in this case is unequivocal and reveals that the plea agreement expressly stated that Torres was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 127, ¶ 10.

---

[3] The analysis of these two claims, based upon the waiver of appellate rights, is the same analysis – with the same result – that applies to any similar claim on the merits.  For that reason, these claims also fail on the merits and the Court will not address them further.

That same paragraph indicates that Torres was giving up those rights.

Furthermore, the plea colloquy established that Torres understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 227, pp. 30-31, 35.   The law assigns a strong presumption that such statements are true. Blackledge, 431 U.S. at 73-74.

Torres provided no evidence contradicting his in-court statements.  Indeed, Torres was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement.   Accordingly, the record establishes, without doubt, that Torres's waiver was knowingly and voluntarily made.

Further, Torres's waiver clearly applies to this case.   Torres is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement.  Therefore, this case should be dismissed based upon that waiver.

### B.  Failure to Investigate Evidence

Torres has asserted that his counsel was ineffective for failing "to investigate evidence available to him that would have supported his client's claim that he was induced by the agent to commit further acts" of bribery. Dkt. No. 1.  This claim is meritless.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)).  In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

As previously noted, a defendant who claims that counsel was ineffective for failing to investigate evidence, "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Cox, 602 F. App'x at 146. Torres has made no effort to satisfy this requirement.  Instead, he makes a formulaic claim that counsel failed to investigate without showing what the investigation would have shown

or how it would have changed the outcome of the proceedings.  For these reasons, this claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that Julio Adolfo Torres's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Torres has waived his right to file the instant petition. Alternatively, it should be denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Torres's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Torres's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 18, 2016.

Ronald G. Morgan
United States Magistrate Judge

12